Norman PITTS, Appellant,

v.

Joyzelle L. WETZEL, Appellee.

No. 12066.

Court of Civil Appeals of Texas, Austin.

July 11, 1973.

Rehearing Denied Aug. 8, 1973.

John F. Campbell, Campbell & Davidson, Austin, for appellant.

Paul W. Jones, Jr., Louis H. Owen, III, Austin, for appellee.

SHANNON, Justice.

Appellee, Joyzelle L. Wetzel, sued appellant, Norman Pitts, in the district court of Travis County to recover $11,515.00 which sum she alleged to be a loan to appellant. Upon trial to the court, judgment was entered for appellee in the sum of $10,750.00. We will affirm that judgment.

In March of 1967, appellee and appellant were friends and hoped to marry. Appellant, it seems, was unable to marry because of pressing financial commitments. Some evidence indicated that appellant spoke to appellee about the possibility of his investing a sum of her money in commodity futures, and that she advanced appellant $600.00 for this purpose. Appellee testified that, thereafterwards, appellant would approach her from time to time with requests for more money to protect her initial investment. Her evidence was that she agreed to lend him a total of nearly $12,000.00. Each time appellant asked for more money, appellee said that he would promise to repay her that sum in addition to those sums previously borrowed when he was financially able. Appellant claimed

that his sallies into the commodities market represented a joint venture with appellee which unfortunately did not prosper. They decided to go into the commodity market, appellant said, so that he could make money quickly in order that they might marry at an earlier date.

Though appellant was unable to realize his goal of quick prosperity, appellee and appellant married in June of 1968, and divorced in June of 1970.

Upon request, the court filed findings of fact and conclusions of law, and among other things, found that appellant borrowed the total sum of $10,750.00 from appellee which he orally agreed to repay when he was financially able. The money was borrowed in varying sums on separate dates, but after each advance, appellant then agreed to repay that advance in addition to the prior advances. The court found that the last loan made by appellee to appellant was in August of 1969, and in February of 1971 appellant refused to repay appellee any of the money which she had advanced to him.

The court concluded that appellee's claim against appellant was not barred by the two year statute of limitation as she filed her lawsuit within two years of August, 1969, the date of the last advance and renewal to appellant.

By four points of error appellant claims that the evidence was insufficient to support the finding that a debt existed, that there was no evidence that appellant was financially able to repay the indebtedness, and that there was no evidence that appellant renewed the entire indebtedness and that the renewal was grounded on addi-

tional consideration. Finally, appellant says that the debt was barred by limitations.

Findings of fact by the court are comparable to a jury verdict upon special issues, and when supported by some competent evidence those findings will not be disturbed on appeal. 4 McDonald, Texas Civil Practice § 16.05 (Rev.Ed.1971). We are satisfied upon an examination of the statement of facts that there was competent evidence to support the finding of debt. Appellee testified that appellant agreed to repay her the money. Her further testimony was that appellant told her each time that he asked her for money, "If you will let me have this much more, then I promise that you will be repaid." Also of some significance is the fact that during the time involved appellant caused the beneficiary of his life insurance policy to be changed to appellee whom he listed as a *creditor*.

By his second point appellant states that appellee produced no evidence to show that appellant was financially able to repay her. As a result, appellant says that appellee's cause of action fails, since by the terms of the agreement, his ability to pay was a condition precedent to his liability to pay.

It is undisputed that appellant told appellee in February of 1971, that he never intended to repay her. We are of the opinion that appellant's unequivocal repudiation of his obligation to repay appellee enabled appellee to file an action to recover against appellant at that time. Pollack v. Pollack, 39 S.W.2d 853 (Tex. Comm'n App.1931, holding approved), 46 S.W.2d 292 (Tex.Comm'n App.1932).[1]

---

1. The Commission of Appeals in Pollack v. Pollack, 46 S.W.2d 292, 295 (1932) stated that the doctrine of anticipatory breach is to be applied without distinction to contracts still to be performed by both parties and to those fully executed by one party. The Commission was further of the opinion that there should be no distinction in applying the doctrine of anticipatory breach between contracts to

pay money, "pure and simple", and other contracts.

Williston is of a contrary view. According to Williston, the general rule is that anticipatory breach does not apply to a unilateral promise for an executed agreed exchange to pay money at a future date. Likewise, Williston states that when a bilateral contract has become a unilateral obligation by full performance on one side,

The terms of the debt obligated appellant to repay appellee when he was financially able. Appellee's cause of action did not accrue and the statute of limitations did not begin to run until that time or until such time appellant repudiated his obligation. Appellant repudiated his obligation in February of 1971, and appellee filed her suit on March 1, 1971. Appellant's point of error claiming that the debt was barred by limitations is overruled.

In view of our disposition of appellant's points it is not necessary to discuss his point concerning no evidence of renewals of the indebtedness and the lack of new consideration therefor.

Affirmed.

anticipatory repudiation of that obligation does not permit an immediate filing

of an action. 11 Williston on Contracts § 1326 (3rd ed. 1968).