*In re* EASTERBROOK ESTATE

Docket No. 54600. Submitted January 6, 1982, at Detroit.—Decided April 6, 1982. Leave to appeal applied for.

Robert L. Easterbrook, Jr., brought a claim against the estate of his father, Robert L. Easterbrook, Sr., deceased, alleging that his father had promised, on several occasions, to convey to his son a controlling interest in the stock of a company owned by the father, which interest was never transferred. Delores G. Easterbrook, the administratrix of the estate, contended that the claimant had failed to show any agreement between himself and the decedent within six years of his original claim against the estate. Subsequently, claimant filed a third amended statement and proof of claim alleging that his claim was based on a continuing relationship with his father rather than on specific agreements. The Oakland County Probate Court, Eugene Arthur Moore, J., granted a motion for summary and accelerated judgments on the earlier claims and dismissed the third amended claim on the basis that it was a new claim. Robert L. Easterbrook appeals, alleging that the probate court was not empowered to grant summary or accelerated judgments, that the contract with the decedent was not breached until four years before the original claim against the estate, that the decedent's acknowledgment of his promises tolled the running of the period of limitation, and that the court erred in disallowing the third amended statement and proof of claim. *Held:*

1. The Probate Court Rules do not expressly provide for

REFERENCES FOR POINTS IN HEADNOTES

[1] 20 Am Jur 2d, Courts §§ 82-86.

73 Am Jur 2d, Summary Judgment § 26.

[2] 20 Am Jur 2d, Courts §§ 32, 104.

[3] 20 Am Jur 2d, Courts §§ 97, 105.

[4] 20 Am Jur 2d, Courts § 97.

73 Am Jur 2d, Summary Judgment § 26.

[5] 51 Am Jur 2d, Limitation of Actions § 126.

Validity of contractual time period, shorter than statute of limitations, for bringing action. 6 ALR3d 1197.

[6] 17 Am Jur 2d, Contracts §§ 461, 462.

[7] 17 Am Jur 2d, Contracts § 134.

51 Am Jur 2d, Contracts §§ 338, 348.

motions or orders of summary or accelerated judgment. However, the probate court is inherently empowered to dismiss a case in which it lacks subject matter jurisdiction or a case in which there is a statutory bar to the action which cannot be overcome, including a claim barred by a statute of limitations. Thus, the probate court has the implied power to grant motions for summary or accelerated judgments in accordance with the provisions of the General Court Rules.

2. The probate court did not err in determining that the breach of contract occurred more than six years before the claimant brought his original claim and that the claim was, therefore, barred by the statute of limitations.

3. The alleged acknowledgment by the decedent of his earlier promises to transfer the stock was not effective to bar the running of the period of limitation where the acknowledgment was not made in writing and signed by the decedent.

4. The probate court properly disallowed the third amended statement and proof of claim as a new claim which did not relate back to the prior pleadings. Furthermore, the claimant was allowed the opportunity to file a motion for leave to file any additional claims and did not avail himself of the opportunity.

Affirmed.

1. COURTS — PROBATE COURTS — GENERAL COURT RULES — PROBATE COURT RULES.

Generally, the General Court Rules governing summary and accelerated judgments are not applicable to probate court proceedings; however, the Probate Court Rules specifically provide that they are to be considered and construed as amplifying and consistent with the General Court Rules (PCR 11.2).

2. COURTS — PROBATE COURTS — JURISDICTION.

The powers and jurisdiction of the probate court are limited by the state constitution, statutes, and court rules; the court may not create its own jurisdiction but may exercise only the judicial power conferred upon it.

3. COURTS — PROBATE COURTS — JURISDICTION.

A probate court has inherent power to dismiss a case in which it lacks subject matter jurisdiction.

4. COURTS — PROBATE COURTS — SUMMARY DISMISSAL — GENERAL COURT RULES.

A probate court has intrinsic authority to summarily dismiss a claim where there is an obvious statutory bar to the action

which cannot be overcome; therefore, the power of a probate court to grant motions for accelerated or summary judgments in accordance with the General Court Rules, although such power is not conferred by the Probate Court Rules, is an inherent power of the probate court that is necessarily implied by the nature of the judicial system (GCR 1963, 116, 117).

5. LIMITATION OF ACTIONS — CONTRACTS — BREACH OF CONTRACT.
   The statutory period of limitation for a cause of action alleging breach of contract commences on the date that the contract is breached.

6. CONTRACTS — CONSIDERATION.
   A promise to do that which the promisor legally is bound to do does not constitute consideration for a new contract.

7. CONTRACTS — LIMITATION OF ACTIONS — REVIVAL OF CONTRACTS — STATUTES.
   A contract which has been barred by the running of the period of limitation may be revived by the acknowledgment or promise of the party to be charged; however, an acknowledgment of past obligations is not effective to bar the running of the period of limitation unless the acknowledgment is made in writing and signed by the party to be charged with the obligation (MCL 600.5866; MSA 27A.5866).

*Tony Ferris,* for claimant.

*Raymond, Rupp & Wienberg, P.C.* (by *Thomas G. Plunkett, Martin Stoneman* and *Rick Kalisher),* for appellee.

Before: BASHARA, P.J., and T. M. BURNS and ALLEN, JJ.

T. M. BURNS, J. Claimant-appellant, Robert L. Easterbrook, Jr., appeals as of right a June 10, 1980, probate court order granting the fiduciary of the estate's motion for accelerated and summary judgment and the fiduciary's request that the claimant's second amended statement and proof of claim be dismissed. Claimant also appeals an October 22, 1980, probate court order disallowing

claimant's third amended statement and proof of claim.

The essence of claimant's claim against the estate is that the decedent, his father, had promised the claimant to convey to him controlling interest in a business owned by the decedent and managed in great part by the claimant. The controlling interest of stock in this corporation was never transferred to claimant.

According to claimant he and the decedent entered into an agreement in 1968 whereby the transfer of stock would occur at the death of decedent under provisions of his will. However, this 1968 agreement was superseded by a 1969 agreement providing for the immediate transfer of stock to claimant. Claimant contends that subsequent to the 1969 agreement the decedent made at least three additional representations to him which indicated that the transfer of stock would occur. These additional representations are alleged to have occurred as late as 1974 or 1975. In 1971 claimant and the decedent entered into a new agreement under which the decedent promised to convey 49% of the stock immediately to claimant and to transfer another 2% into an irrevocable trust. The stock transfer was delayed repeatedly and was never accomplished.

On September 30, 1978, claimant filed his original claim against the decedent's estate alleging a breach of contract and fraud. Claimant's original claim against the estate as well as his April 13, 1979, first amended statement and proof of claim were based upon promises made by the decedent to claimant between the years of 1952 and 1974, and upon a 1960 agreement. On February 20, 1980, claimant filed a second amended statement and proof of claim in which he relied upon a 1969

agreement that modified the 1960 agreement. The chief distinction between the 1960 and 1969 agreements is that under the 1960 agreement the transfer of stock was to take place at the decedent's death, whereas the 1969 agreement required the immediate transfer of between 51 and 55% of the stock.

On April 17, 1980, the fiduciary filed a motion for accelerated and/or summary judgment under the provisions of GCR 1963, 116.1(5) and 117.2(1). The fiduciary argued that claimant's cause of action was barred by the six-year statute of limitations for breach of contract actions. MCL 600.5807; MSA 27A.5807. The fiduciary contended that claimant had failed to show that the parties entered into any agreement subsequent to September 30, 1972, six years prior to the filing of claimant's original claim and that although the decedent may have made promises to claimant subsequent to September 30, 1972, any such promises would not have revived any pre-September 30, 1972, agreements between the parties because they would have amounted to no more than promises to do what the decedent was already under a legal obligation to do in 1971, *i.e.,* immediately transfer controlling interest of the stock. Therefore, any post-September 30, 1972, promises were unenforceable because they lacked consideration.

At a hearing in the probate court held on May 6, 1980, the fiduciary repeated these arguments. In response, claimant argued that the fiduciary's motion should be denied because there were disputed questions of material fact as to when claimant's claim for breach of contract accrued. Claimant contended that it did not accrue until 1974 when the decedent broke his promise to transfer the stock.

On May 19, 1980, claimant filed a third amended statement and proof of claim. In this third amended claim, claimant alleged that the 1969 and 1971 agreements did not call for immediate transfer of stock; instead they called for a transfer at some indefinite date in the future after the decedent's attorneys and accountants could determine the best means of transfer. Claimant further contended that his cause of action was based on a continuing relationship with his father rather than a single agreement, that there were equitable bases for his claim, and that the decedent did not breach his agreement with claimant until 1974 at the earliest.

The fiduciary of the estate filed objections to claimant's third amended claim on the ground that it was a new claim rather than an amended one and that it contained allegations inconsistent with earlier versions of claimant's theory of recovery. Further, the fiduciary asserted that the second count of claimant's third amended claim contained new allegations of misrepresentation that had not appeared in any previous pleading, and that the third count alleged an equitable cause of action that previously had been withdrawn with prejudice by claimant.

Following a hearing on May 30, 1980, the probate judge granted the fiduciary's motions and dismissed claimant's second amended statement and proof of claim. An order incorporating the judge's oral findings and conclusions at the May 30, 1980, hearing was incorporated into a June 10, 1980 order.

On September 3, 1980, a hearing was held on the question of whether claimant's third amended claim should be disallowed. Following this hearing, the probate judge ruled that claimant's third

amended claim was a new one that should be disallowed. The judge stated, however, that this ruling did "not foreclose the claimant from filing at this time a request for the court to grant leave to file a claim if he desires to". Thereafter, claimant did not seek leave to file a new amended claim. Rather, he filed motions for a rehearing and reconsideration of the probate judge's dismissal of his second and third amended claims. These motions were denied on October 22, 1980.

Claimant now appeals and we affirm.

Claimant first argues that the probate court's dismissal of his second amended claim pursuant to orders of summary and accelerated judgment was error because the provisions of the General Court Rules governing summary and accelerated judgments are not applicable to probate court proceedings and the Probate Court Rules do not provide for the granting of such judgments.

In general, claimant's argument is correct. See *In re Swanson Estate,* 98 Mich App 347, 350; 296 NW2d 256 (1980), *Chamberlin v Detroit Edison Co,* 14 Mich App 565, 569; 165 NW2d 845 (1968), *Detroit Edison Co v Zoner,* 12 Mich App 612, 617; 163 NW2d 496 (1968). GCR 1963, 11.1, specifically states that the General Court Rules are applicable and govern practice "in the circuit courts, recorder's court, court of appeals, and the Supreme Court * * *". The exceptions to this controlling provision on the scope of the General Court Rules are contained in GCR 1963, 11.2, which declares that provisions of the General Court Rules that apply by their terms to other courts shall apply to such courts, and GCR 1963, 11.3, which makes inapplicable to certain courts any provisions of the court rules that conflict with constitutional or statutory limitations on their jurisdictions.

In contrast to this case law and these General Court Rule provisions, PCR 11.2 specifically provides that the Probate Court Rules were "[p]romulgated to provide clarity and specificity for proceedings in the probate courts, they have been numbered to correspond in subject matter with the General Court Rules and are to be *considered and construed as amplifying* and consistent with those rules". (Emphasis supplied.) Thus, the Probate Court Rules themselves seem to require that they be used in conjunction with the General Court Rules.

Language similar to that of PCR 11.2 is not present in the analogous provision of the District Court Rules, DCR 11. However, the District Court Rules do not require identical language because they contain a more expanded rendition of district court jurisdiction, practice and procedure. For example, the District Court Rules specifically provide for motions for accelerated and summary judgments. See DCR 116 and 117.

Although a reasonable and cogent argument could be made for the premise that probate courts are intended to be governed by the statements of practice and procedure in the General Court Rules except in instances where the General Court Rules conflict with specific Probate Court Rules or where by their terms they are inherently applicable, we do not believe that the Supreme Court intended this. The proper effect of the General Court Rules on probate court practice correctly was explained by this Court's opinion in the case of *In re Swanson Estate, supra,* 350: "We conclude that the general court rules do not apply to the probate court except in those instance where the probate court rules adopt provisions of the general court rules by specific reference." Nonetheless, the pro-

bate court did not err in granting the motion for accelerated and summary judgment or in dismissing claimant's second amended statement and proof of claim.

The powers and jurisdiction of the probate court of this state are limited by the state constitution, Const 1963, art 6, § 15, state statutes, see MCL 600.841; MSA 27A.841, and pertinent court rules. "Jurisdiction" is the authority by which a court may exercise judicial power over a designated category of judicial controversies. *Pease v North American Finance Corp,* 69 Mich App 165; 244 NW2d 400 (1976). The court may not create its own jurisdiction, *Riggs v Szymanski,* 62 Mich App 610; 233 NW2d 670 (1975), rather, it may exercise only the judicial power conferred upon it by the entity that creates it. *Detroit v Rabaut,* 389 Mich 329; 206 NW2d 625 (1973). The probate court has inherent power to dismiss a case in which it lacks subject matter jurisdiction.

Likewise, where there is an obvious statutory bar to an action and this disability cannot be overcome, a probate court judge has intrinsic authority to summarily dismiss the claim even though the pleading in which it is asserted is drawn in conformity with the technical requirements of the Probate Court Rules. In *In re Konke Estate,* 98 Mich App 249; 296 NW2d 226 (1980), this Court implicitly recognized the right of a probate court to dismiss a claim that is barred by a statute of limitations. Therefore, we hold that the power of a probate court to grant motions for accelerated and summary judgments in accordance with GCR 1963, 116 and 117 is an inherent power of that court that is necessarily implied by the nature of our judicial system. In this case, all of claimant's theories of recovery arising out of any

contract between him and the decedent prior to September 30, 1972, six years prior to the filing of claimant's original pleadings, absolutely are barred by the provisions of MCL 600.5807(8); MSA 27A.5807(8). The probate court properly dismissed these claims.

We are not persuaded by claimant's argument that the decedent did not breach his contract with claimant, and thus claimant's cause of action did not arise, until 1974. The period of limitations for a cause of action alleging breach of contract commences on the date that the contract is breached. According to plaintiff's second amended claim the deceased promised to transfer stock to him immediately in 1969 or no later than 1971. Decedent breached this contract then when he failed to immediately transfer the stock. The probate court properly determined that this breach occurred more than six years prior to the filing of claimant's claim. Even though the decedent may have repeated his promises of immediate performance as late as 1974, any such promises lacked consideration and were unenforceable in accordance with the general rule that a promise to do that which the promisor legally is bound to do does not constitute consideration, or sufficient consideration, for a new contract. *Green v Millman Brothers, Inc,* 7 Mich App 450, 455; 151 NW2d 860 (1967) (quoting 17 Am Jur 2d, Contracts, § 119, p 465).

Nor is there any merit to the argument that the decedent's acknowledgment of his promises to perform tolled the running of the period of limitations. An acknowledgment of past obligations is not effective to bar the running of the period of limitations except where the acknowledgment is made in writing and signed by the party to be charged with the obligation:

"Express or implied contracts which have been barred by the running of the period of limitation shall be revived by the acknowledgment or promise of the party to be charged. But no acknowledgment or promise shall be recognized as effective to bar the running of the period of limitations or revive the claim unless the acknowledgment is made by or the promise is contained in some writing signed by the party to be charged by the action." MCL 600.5866; MSA 27A.5866.

We have examined the remaining arguments made by claimant in this appeal and are convinced that none of them requires reversal. The probate judge did not err in submitting the question of when claimant's cause of action for breach of the 1969 or 1971 contracts accrued because the law clearly establishes that the breach occurred when the decedent did not immediately transfer stock to claimant.

Nor did the probate court judge err in disallowing claimant's third amended statement and proof of claim. Claimant's third amended claim alleges a completely different transaction from that alleged in his previous pleadings. Accordingly, it was proper for the probate court to characterize claimant's third amended claim as a new one that did not relate back to the date of his prior pleadings.

We note that the probate judge advised claimant that his ruling on this point did not prejudice claimant from filing a motion for leave to file any additional claims that he wished. Claimant did not avail himself of this opportunity.

Affirmed.