DEWEY v TABOR

Docket No. 190337. Submitted May 7, 1997, at Grand Rapids. Decided
    October 24, 1997, at 9:35 A.M.

    George Dewey brought an action in the Kent Circuit Court against
    Thomas Tabor, Jayne Denny, and The Realty Connection, alleging
    breach of contract and unjust enrichment as a result of the defend-
    ants' failure to repay a loan, which required repayment when the
    defendants were able to repay it. The court, Robert A. Benson, J.,
    granted summary disposition for the defendants on the basis that
    the period of limitation applicable to the action had run. The plain-
    tiff appealed.

    The Court of Appeals *held*:

    1. A promise to repay a loan when able is a conditional promise.
    A cause of action to enforce the promise accrues, and the relevant
    period of limitation begins to run, when the promisor's ability to
    pay arises. The period of limitation begins to run when the prom-
    isor in fact has the ability to pay, regardless of whether the prom-
    isee is actually aware that the condition has been satisfied. Once
    the period of limitation begins to run, it is not interrupted by the
    promisor's subsequent inability to pay.

    2. Summary disposition was granted prematurely in this case
    because there was no record evidence regarding when or if the
    defendants had the ability to repay the loan. The order granting
    summary disposition must be reversed and the matter must be
    remanded for that determination and further proceedings.

    Reversed and remanded.

CONTRACTS — LIMITATION OF ACTIONS — PROMISES TO REPAY WHEN ABLE.

    A promise to repay a loan when able, when convenient, or the like, is
    a conditional promise; a cause of action to enforce the promise
    accrues, and the relevant period of limitation begins to run, when
    the promisor's ability to pay arises; the period of limitation begins
    to run when the promisor in fact has the ability to pay, regardless
    of whether the promisee is actually aware that the condition has
    been satisfied; once the period of limitation begins to run, it is not
    interrupted by the promisor's subsequent inability to pay.

*Smith, Haughey, Rice & Roegge* (by *Jon D. Vander Ploeg*), for the plaintiff.

*Buchanan, Silver & Beckering* (by *Lee T. Silver*), for the defendants.

Before: YOUNG, P.J., and DOCTOROFF and CAVANAGH, JJ.

YOUNG, P.J. Plaintiff appeals as of right from an order granting summary disposition for defendants pursuant to MCR 2.116(C)(7) (statute of limitations). We reverse and remand for further proceedings.

I

The basic facts of this case are essentially undisputed. In June 1987, plaintiff, at the request of his longtime friend, Bob Denny, agreed to loan Denny's wife and son-in-law, defendants Jayne Denny and Thomas Tabor, $8,000 for use in connection with their new business, The Realty Connection. Although the loan agreement was not memorialized in writing, plaintiff testified in his deposition that the parties orally agreed that the terms of the loan were that defendants were to pay twelve percent interest and to repay the loan "[w]hen they made some money and they were able to pay it." According to plaintiff, the agreement was that "as [defendants] made profits, they would take them out and pay me." Plaintiff testified that he began requesting payment from defendants in early 1988 and that he believed that defendants were obligated to repay the loan at that time. However, plaintiff testified that, because of his friendship, he never insisted on a "drop-dead deadline date."

In mid-February 1988, plaintiff received a $5,000 check, drawn on The Realty Connection's account and dated March 8, 1988. Plaintiff testified that defendant Jayne Denny called him thereafter and stated that the check "would be good on this date [March 8]." However, when plaintiff attempted to cash the check on March 8, 1988, he was informed that "the check was no good" because there were insufficient funds in the account. Plaintiff then called defendant Jayne Denny, who told him "it's gonna [sic] take us another few days to get the money together" and that "if you'll take it in around [March 15], it will be good." When plaintiff tried on March 15, 1988, to cash the check, he was again informed that there were insufficient funds in the account. Immediately thereafter, defendants changed banks. When plaintiff brought the matter up with Bob Denny, Denny told him that "[defendants] are having a little financial crunch, and everything is gonna be all right, don't worry about it."

On eight to ten occasions between 1988 and 1991, plaintiff asked defendants "when the check would be good, when I could get my money." On each occasion, defendants told plaintiff that "very shortly now we'll have the money for you." Eventually, in 1991, Bob Denny informed plaintiff that defendants were going bankrupt, but that they would repay the loan to him. Until 1993, the last time that plaintiff spoke to defendants about the repayment of the loan, defendants reassured him that "you'll get your money" and that "it's just taking us a little longer to get it together than we thought." When his personal relationships with defendants became strained in 1993 because the loan

had not been repaid, plaintiff realized that "I might not get this money."

Plaintiff filed the instant lawsuit on December 15, 1994, alleging breach of contract and unjust enrichment. Defendants moved for summary disposition pursuant to MCR 2.116(C)(7), arguing that plaintiff's claims were barred by the running of the six-year period of limitation for contract actions, MCL 600.5807(8); MSA 27A.5807(8). The trial court granted defendants' motion, stating that "the facts are clear here that at least [plaintiff] himself thought they were obligated to pay him back in March of '88, and six years has gone by." For the reasons stated below, we reverse the trial court's decision and remand this case for further proceedings.

II

A trial court's grant or denial of summary disposition will be reviewed de novo. *Michigan Mut Ins Co v Dowell*, 204 Mich App 81, 86; 514 NW2d 185 (1994). When reviewing a motion for summary disposition under MCR 2.116(C)(7), the trial court accepts the plaintiff's well-pleaded allegations as true and construes them in the plaintiff's favor. *Harris v Allen Park*, 193 Mich App 103, 106; 483 NW2d 434 (1992). "If the pleadings demonstrate that a party is entitled to judgment as a matter of law, or if affidavits or other documentary evidence show that there is no genuine issue of material fact, the trial court must render judgment without delay." *Id.*; *Paterek v 6600 Ltd*, 186 Mich App 445, 447; 465 NW2d 342 (1990). If no facts are in dispute, whether the claim is statutorily barred is a question of law. *Harris, supra* at 106.

MCL 600.5807;  MSA 27A.5807  provides, in relevant part:

> No person may bring or maintain any action to recover damages or sums due for breach of contract, or to enforce the specific performance of any contract unless, after the claim first accrued to himself or to someone through whom he claims, he commences the action within the periods of time prescribed by this section.
>
> *          *          *
>
> (8) The period of limitations is 6 years for . . . actions to recover damages or sums due for breach of contract.

Moreover, as this Court explained in *Harris, supra* at 106:

> A claim accrues, for purposes of the statute of limitations, when suit may be brought. *Smith v Dep't of Treasury*, 163 Mich App 179, 183; 414 NW2d 374 (1987).  For contract actions, the period of limitation generally begins to run on the date of the breach of the contract. *In re Easterbrook Estate*, 114 Mich App 739, 748; 319 NW2d 655 (1982).  A plaintiff need not know of the invasion of a legal right in order for the claim to accrue. *Thomas v Process Equipment Corp*, 154 Mich App 78, 87; 397 NW2d 224 (1986).

In order to determine whether plaintiff's claims are barred by the statute of limitations, it is necessary to address the threshold question of when the period of limitation begins to run against a contract such as the one in the present case involving a promise to pay "when able." See, e.g., 51 Am Jur 2d, Limitation of Actions, § 129, p 699;  anno: *When statute of limitation commences to run against promise to pay debt "when able," "when convenient," or the like*, 28 ALR2d 786.  This appears to be a question of first impression in Michigan and, in the absence of Michi-

gan law, we look to the law developed in other jurisdictions for guidance in deciding it. *In re Martin*, 450 Mich 204, 218; 538 NW2d 399 (1995).

Under the majority rule, the promise to pay when able is a conditional promise, so that a cause of action to enforce the promise accrues, and the relevant period of limitation begins to run, when the promisor's ability to pay arises. 51 Am Jur 2d, § 129, p 699;  see also *Estate of Page v Litzenburg*, 177 Ariz 84; 865 P2d 128 (1993);  *Van Buskirk v Kuhns*, 164 Cal 472; 129 P 587 (1913);  *In re Estate of Clover*, 171 Kan 697; 237 P2d 391 (1951);  *Guerin v Cassidy*, 38 NJ Super 454; 119 A2d 780 (1955);  *In re Estate of Buckingham*, 9 Ohio App 2d 305; 224 NE2d 383 (1967);  *Pitts v Wetzel*, 498 SW2d 27 (Tex Civ App, 1973).  Moreover, according to this view, the period of limitation begins to run when the promisor in fact has the ability to pay, regardless of whether the promisee is actually aware that the condition has been satisfied. See *Estate of Page, supra* at 90-91. Finally, once the period of limitation begins to run, it is not interrupted by the promisor's subsequent inability to pay. *In re Estate of Clover, supra* at 701.

According to the minority view, however, the promise to pay when able or when convenient is considered to be too indefinite to constitute a true conditional promise, and, therefore, it is regarded as an absolute promise to pay within a reasonable time. Thus, the cause of action accrues, and the period of limitation begins to run, within a reasonable time after the promise has been made without reference to the actual ability to pay. See, e.g., *Hurtt v Steven*, 333 Ill App 181, 186-187; 77 NE2d 204 (1947);  *Ricker v Ricker*, 201 Or 416; 270 P2d 150 (1954).

We adopt the majority rule because, as the court in *Estate of Page* recognized, it is better reasoned and more in accord with the intent of the parties in these types of situations, which commonly involve loans or transactions among friends and relatives. Accordingly, in cases involving promises to pay when able, when convenient, or the like, we hold that a contract action accrues, and the six-year period of limitation under MCL 600.5807(8); MSA 27A.5807(8) begins to run, when the promisor becomes able to pay, regardless of whether the promisee knows it. *Estate of Page, supra* at 91. We further hold that once the limitation period begins to run, it is not interrupted by the fact that the promisor may thereafter become unable to pay. *In re Estate of Clover, supra* at 701. We believe that these principles best support the underlying rationale of our statute of limitations in promoting parties to act on apparent claims before they become stale. See *Lemmerman v Fealk*, 449 Mich 56, 65; 534 NW2d 695 (1995).

Applying these principles to the instant case, we conclude that summary disposition was prematurely granted. In determining that plaintiff's claims accrued in March 1988, the trial court relied on plaintiff's deposition testimony that he believed that defendants were obligated to pay him back at that time. However, this is clearly not what the parties intended when they entered into their oral contract. Rather, plaintiff's undisputed deposition testimony was that the parties agreed that payment was to be made only when defendants were able to do so. The fact that plaintiff may have later misapprehended the nature of the parties' agreement is of no consequence.

Accordingly, the trial court erred in determining that plaintiff's cause of action accrued, and the period of limitation began to run, in March 1988. Plaintiff's claims could not have accrued, and the six-year period of limitation could not have begun to run, unless and until defendants had the ability to repay the loan. Because there was no record evidence presented regarding that issue, we conclude that the trial court erred in granting defendants' motion for summary disposition.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.