# STATE OF MICHIGAN

# COURT OF APPEALS

LOUIS TELERICO, as Assignee of TELERICO
MECHANICAL ELECTRICAL,

UNPUBLISHED
January 15, 2015

Plaintiff-Appellant,

v

No. 318574
Washtenaw Circuit Court
LC No. 12-000561-CK

TOM NOWATZKE, TRANSPORTATION
LOGISTICS, L.L.C., LTW COMPANY, and NSC
SERVICE CENTER, L.L.C.,

Defendants-Appellees.

Before: TALBOT, C.J., and CAVANAGH and M. J. KELLY, JJ.

PER CURIAM.

Plaintiff Louis Telerico, as assignee of Telerico Mechanical Electrical, appeals as of right the trial court order granting defendants' motion for summary disposition pursuant to MCR 2.116(C)(7).[1] We affirm.

According to plaintiff, on September 20, 2003, he and defendants agreed that he would store two trailers on defendants' property and defendants would waive any rent owed. Furthermore, they agreed that defendants would sell the trailers with 65% of the proceeds going to plaintiff and the remaining 35% of the proceeds going to defendants. Defendants agreed to notify plaintiff of all offers to purchase the trailers and to give plaintiff the option to accept or reject any offer. Subsequently, while plaintiff was near defendants' property on an unspecified date, he noticed that the trailers were not there. Plaintiff's father, Louis Perry, Sr., then called defendant Tom Nowatzke on May 19, 2006, to ask about the status of the trailers. Nowatzke told Perry that he sold the trailers and kept the entire amount of the proceeds for rent owed. Perry memorialized the substance of this telephone conversation in a letter he wrote to Nowatzke dated May 22, 2006. On May 21, 2012, plaintiff filed a complaint against defendants alleging claims of breach of contract, conversion, unjust enrichment, and civil conspiracy. Plaintiff later voluntarily dismissed his claim for conversion because it was barred by the statute of limitations.

---

[1] Defendants moved for summary disposition under MCR 2.116(C)(10) as well, but the trial court did not decide the motion on that ground and it is not an issue on appeal.

-1-

On August 22, 2013, defendants moved for summary disposition pursuant to MCR 2.116(C)(7), arguing that the claims were barred by the statute of limitations. On September 12, 2013, the trial court granted defendants' motion and dismissed plaintiff's complaint with prejudice.

Summary disposition under MCR 2.116(C)(7) is appropriate where the statute of limitations has expired before commencement of the action. MCR 2.116(C)(7). "When reviewing a motion for summary disposition pursuant to MCR 2.116(C)(7), a court must accept as true a plaintiff's well-pleaded factual allegations, affidavits, or other documentary evidence and construe them in the plaintiff's favor." *Brennan v Edward D Jones & Co*, 245 Mich App 156, 157; 626 NW2d 917 (2001) (quotation marks omitted). On appeal, plaintiff challenges the dismissal of his breach of contract claim under MCR 2.116(C)(7).

"No person may bring or maintain any action to recover damages or sums due for breach of contract . . . unless, after the claim first accrued to himself or to someone through whom he claims, he commences the action within the periods of time prescribed by this section." MCL 600.5807. "The period of limitations is 6 years for all . . . actions to recover damages or sums due for breach of contract." MCL 600.5807(8). "In Michigan, a breach of contract claim accrues 'at the time the wrong upon which the claim is based was done regardless of the time when damage results.' " *Tenneco Inc v Amerisure Mut Ins Co*, 281 Mich App 429, 458; 761 NW2d 846 (2008), quoting MCL 600.5827. In other words, a cause of action for breach of contract accrues "when the promisor fails to perform under the contract." *Blazer Foods, Inc v Restaurant Props, Inc*, 259 Mich App 241, 245-246; 673 NW2d 805 (2003). "A plaintiff need not know of the invasion of a legal right in order for the claim to accrue." *Dewey v Tabor*, 226 Mich App 189, 193; 572 NW2d 715 (1997). To determine the wrong upon which the claim is based, the parties' contract must be examined." *Tenneco Inc*, 281 Mich App at 458. To compute the period of time during which a statute of limitations runs, the day of the breach is not included, but the last day of the period is included unless that day is a Saturday or Sunday, in which case the period runs until the next Monday. MCR 1.108(1).

In this case, plaintiff commenced suit on May 21, 2012, alleging a claim of breach of contract against defendants. The statute of limitations for plaintiff's breach of contract claim was six years. MCL 600.5807(8). Because May 21, 2012, was a Monday, if the period for the statute of limitations for plaintiff's claim for breach of contract ended on the Saturday or Sunday directly before May 21, 2012, that period extended through that Saturday and Sunday and ended on May 21, 2012. MCR 1.108(1). In other words, if defendants breached the agreement on May 19, 2006, the day Perry contacted Nowatzke, then under MCR 1.108(1) plaintiff's claim would accrue on May 20, 2006. MCR 1.108(1). Six years after May 20, 2006, would be May 19, 2012, which was a Saturday. Thus, under MCR 1.108(1), plaintiff could timely commence this action on May 21, 2012. MCR 1.108(1). Therefore, plaintiff's claim would not be barred by the six-year statute of limitations as long as the breach occurred on May 19, 2006, or later.

Accepting plaintiff's allegations as true, *Brennan*, 245 Mich App at 157, however, the contract action is barred by the statute of limitations. The allegations supported that defendants breached the agreement in failing to inform plaintiff of offers to purchase the trailers, failing to give plaintiff the opportunity to accept or reject such offers, and failing to give plaintiff 65% of the proceeds of such a sale. See *Woody v Tamer*, 158 Mich App 764, 771; 405 NW2d 213 (1987) (When one does not perform duties under a contract, the non-performance constitutes a

breach.). Plaintiff never alleged when defendants breached the agreement. There is no evidence on the record that defendants breached the agreement on May 19, 2006, or later. Rather, Perry called Nowatzke about the trailers on May 19, 2006. Nowatzke testified at deposition that he was not in possession of the trailers on May 19, 2006, which supports that any breach occurred before May 19, 2006. Because there is no evidence or allegation that defendants breached the agreement within the time period of the statute of limitations, the trial court properly granted summary disposition to defendants under MCR 2.116(C)(7).

Plaintiff argues that, under *Jackson v Estate of Green*, 484 Mich 209; 771 NW2d 675 (2009), his claim for breach of contract accrued on May 19, 2006, when Perry allegedly demanded payment from Nowatzke. However, *Jackson* does not apply to this case where it addressed how to determine when a contract for a loan payable on demand was breached. Here, the agreement was breached by the non-performance of contractual duties. See *Woody*, 158 Mich App at 771. Demand for payment is irrelevant. Moreover, plaintiff is not entitled to judicial tolling because MCL 600.5807(8) does not permit it. *Secura Ins Co v Auto-Owners Ins Co*, 461 Mich 382, 386; 605 NW2d 308 (2000). And, plaintiff has not alleged an affirmative misrepresentation to allow fraudulent concealment to prevent the statute of limitations from precluding plaintiff's claim. See MCL 600.5855; *Brownell v Garber*, 199 Mich App 519, 527; 503 NW2d 81 (1993).

Affirmed.

/s/ Michael J. Talbot
/s/ Mark J. Cavanagh
/s/ Michael J. Kelly