*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JIM PRENTICE,

      Plaintiff/Counterdefendant-Appellant,

V

PAUL J. MCCABE,

      Defendant/Counterplaintiff-Appellee,

and

HOLLY PRENTICE-MCCABE,

      Defendant.

UNPUBLISHED
June 17, 2021

No. 352593
Kent Circuit Court
LC No. 19-000282-CK

Before: BOONSTRA, P.J., and MARKEY and SERVITTO, JJ.

PER CURIAM.

Plaintiff Jim Prentice appeals by right the trial court's order granting summary disposition in favor of defendant Paul J. McCabe pursuant to MCR 2.116(C)(7). The trial court concluded that Prentice's causes of action for an account stated, breach of contract, and unjust enrichment were time-barred. We reverse and remand for further proceedings.

Prentice was McCabe's father-in-law until 2018 when McCabe and Prentice's daughter, defendant Holly Prentice-McCabe (HPM), divorced. Back in 2002 or 2003 when McCabe and HPM were still married, Prentice gave the couple $135,000 to purchase a home in East Grand Rapids. On November 5, 2003, McCabe drafted a letter to Prentice acknowledging the $135,000 payment and promising to repay "every dollar."[1] McCabe also indicated that he would forward the proceeds from the upcoming sale of the existing home, which was located in Hudsonville, to

---

[1] McCabe further stated, "I will pay you in full for the loan." There was a dispute below regarding whether the $135,000 payment was a loan or a gift, but we need not broach that issue to resolve this appeal. Our reference to a "balance" is not to be construed as a determination that a loan was made.

Prentice, although McCabe would be "unable to repay the entire $135K" upon closing that sale. Importantly, McCabe further wrote in the letter that "the balance" would be "forward[ed] to you once we have the opportunity to refinance our current home[.]" There was no language in the letter, signed solely by McCabe, indicating that repayment would be made when he had the ability to repay. In fact, once again, he promised to repay the balance remaining after the closing on the Hudsonville home when the new Grand Rapids home was refinanced. McCabe and HPM sold their existing house and gave $70,000 to Prentice. There is no dispute that McCabe and HPM refinanced the new home in February 2004. The remaining balance was never paid. On the day that the judgment of divorce was entered in 2018, Prentice sent a notice to McCabe demanding payment of $64,900,[2] even though Prentice had never requested repayment in the past. Three months later, Prentice filed the instant lawsuit, alleging breach of contract, an account stated, and unjust enrichment. Prentice relied on the November 5, 2003 letter McCabe drafted as the basis for the suit.

McCabe filed an answer, affirmative defenses under a separate heading, and a counterclaim. Under the affirmative defenses, McCabe contended that Prentice's "alleged claim is barred by the Statute of Limitations." In the counterclaim, McCabe maintained that "[t]he relevant statute of limitations has long expired thereby prohibiting the filing or viability of the principal action." This Court's opinion in *Dewey v Tabor*, 226 Mich App 189; 572 NW2d 715 (1997), became the focus of the litigation concerning the statute of limitations, even though McCabe only became familiar with *Dewey* later in the litigation.

At this point in and to give context to our discussion, we will address the decision in *Dewey*. In *Dewey*, the defendants orally agreed to repay a loan " '[w]hen they made some money and they were *able to pay* for it.' " *Id.* at 190 (brackets in original; emphasis added). The Court noted that in relation to the statute of limitations, a claim generally accrues when a lawsuit may be brought and that a contract action typically accrues when suit may be commenced for a contractual breach. *Id.* at 193. This Court further observed that a plaintiff generally need not know that a legal right has been invaded for the claim to accrue. *Id.* The *Dewey* panel explained that to determine whether the plaintiff's action was barred by the statute of limitations, it was "necessary to address the threshold question of when the period of limitation begins to run against a contract such as the one in the present case involving a promise to pay 'when able.' " *Id.* After reviewing the majority and minority rules regarding accrual under the facts presented, the Court held:

> We adopt the majority rule because . . . it is better reasoned and more in accord with the intent of the parties in these types of situations, which commonly involve loans or transactions among friends and relatives. Accordingly, in cases involving promises to pay when able, when convenient, or the like, we hold that a contract action accrues, and the six-year period of limitation . . . begins to run, when the promisor becomes able to pay, regardless of whether the promisee knows it. We further hold that once the limitation period begins to run, it is not interrupted by the fact that the promisor may thereafter become unable to pay. We believe that these

---

[2] In his complaint, Prentice alleged that McCabe gave him $100 in 2018, thereby reducing the amount owing from $65,000 to $64,900. McCabe denied giving Prentice the $100.

principles best support the underlying rationale of our statute of limitations in promoting parties to act on apparent claims before they become stale. [*Id.* at 195 (citations omitted).]

Here, there were multiple motions for summary disposition and reconsideration. On the subject of the statute of limitations, the parties and the trial court came to the conclusion that *Dewey* governed and that the pivotal issue regarding accrual was identifying the date that McCabe had an ability to repay the $65,000 balance. Prentice relied on an affidavit by his daughter, HPM, in which she averred:

> I am familiar with the finances of Paul McCabe during the time period starting in 2003 through September 2018. During this time, we were married and shared finances. Until September 2018, at no time did Paul McCabe have an ability to repay the debt he owed to Jim Prentice. As of September 2018, Paul McCabe cashed out stock options and received a lump sum of $100,000.

HPM additionally averred that she had personal knowledge that McCabe had drafted and signed the letter promising to repay her father. Prentice also argued that McCabe had waived the argument that the lawsuit was time-barred because he had not adequately pled the affirmative defense of the statute of limitations, which was quite evident given that McCabe was unfamiliar with *Dewey* when he filed his affirmative defenses.

Eventually McCabe submitted copies of bank statements, bonus checks, and earning statements covering October 2006 to October 2007, along with a supporting affidavit, which McCabe argued demonstrated that he was fully and easily able to repay the balance now requested by Prentice during the one-year period between 2006 and 2007. In an earlier deposition, McCabe acknowledged that he had the funds to repay Prentice after the divorce was finalized and his stock options were sold. But, referencing bonus checks and account holdings, he also testified that at "[s]everal different times" during the marriage he had the funds to repay Prentice although he could not give a specific date.

The trial court eventually granted summary disposition for McCabe, concluding as a matter of law that the applicable six-year limitations period had expired before suit was commenced. The court determined that the undisputed banks statements from 2006 and 2007 conclusively established that McCabe had an ability at that time to repay the alleged debt. The trial court rejected HPM's affidavit, finding it to be untrue and noting that a factual dispute regarding the timing of an ability to pay could not be created through misstatement. The court did not address Prentice's argument that McCabe had waived a defense under the statute of limitations due to inadequate pleading.

On appeal, Prentice argues that there exists a genuine issue of material fact regarding when McCabe had an ability to pay. Prentice also contends that the fraudulent concealment statute, MCL 600.5855, tolled the limitations period for the contract-based claims because the parties stood in a fiduciary relationship, and McCabe had an obligation to inform Prentice when he had the ability to pay. Prentice further maintains that the unjust enrichment claim only accrued in September 2018 when Prentice approached McCabe about repayment for the first and only time. Finally, Prentice asserts that McCabe failed to allege facts that constituted a statute of limitations

-3-

defense, thereby violating MCR 2.111(F)(3)(a) and waiving the affirmative defense, and that the trial court erred by refusing to even consider the waiver argument.

"The question whether a cause of action is barred by the applicable statute of limitations is one of law, which this Court reviews de novo." *Seyburn, Kahn, Ginn, Bess, Deitch & Serlin, PC v Bakshi*, 483 Mich 345, 354; 771 NW2d 411 (2009). This Court also reviews de novo a trial court's ruling on a motion for summary disposition. *Id.* Summary dismissal is appropriate under MCR 2.116(C)(7) when an action is barred because of the "statute of limitations." In *RDM Holdings, Ltd v Continental Plastics Co*, 281 Mich App 678, 687; 762 NW2d 529 (2008), this Court recited the principles pertaining to a motion for summary disposition brought pursuant to MCR 2.116(C)(7):

> Under MCR 2.116(C)(7) . . ., this Court must consider not only the pleadings, but also any affidavits, depositions, admissions, or other documentary evidence filed or submitted by the parties. The contents of the complaint must be accepted as true unless contradicted by the documentary evidence. This Court must consider the documentary evidence in a light most favorable to the nonmoving party. If there is no factual dispute, whether a plaintiff's claim is barred under a principle set forth in MCR 2.116(C)(7) is a question of law for the court to decide. If a factual dispute exists, however, summary disposition is not appropriate. [Citations omitted.]

Although not argued by the parties, we conclude sua sponte that the trial court erred by applying the ability-to-pay analysis from *Dewey*, 226 Mich App 189. Prentice relies on the 2003 letter from McCabe to establish a legal obligation to repay Prentice, but that letter did not say anything about repayment being connected to McCabe's ability to repay, which, explicitly, was the case in *Dewey*. *Id.* at 193. It is true that the *Dewey* panel referred to "loans or transactions among friends and relatives." *Id.* at 195. That did not mean, however, that every loan between friends and relatives is governed by an ability-to-pay accrual date—the language of the agreement must ultimately control. McCabe's letter expressed that the balance would be paid to Prentice when the Grand Rapids home was refinanced. And that house was refinanced in February 2004, yet the balance was not forwarded to Prentice. The failure to repay the balance at that time necessarily constituted the alleged breach of contract and, generally speaking, a claim against McCabe would have accrued at that point. This Court in *Tenneco, Inc v Amerisure Mut Ins Co*, 281 Mich App 429, 458; 761 NW2d 846 (2008), observed:

> In Michigan, a breach of contract claim accrues "at the time the wrong upon which the claim is based was done regardless of the time when damage results." MCL 600.5827. To determine the wrong upon which the claim is based, the parties' contract must be examined. . . . In general, a cause of action for breach of contract accrues when the breach occurs, i.e., when the promisor fails to perform under the contract. [Quotation marks and citations omitted.]

While it would appear under our analysis that Prentice's lawsuit is time-barred, we believe that the proper approach is to remand the case for consideration anew of the "statute of limitations" issue in the correct framework, thereby allowing Prentice the opportunity to develop any arguments against summary dismissal based on the statute of limitations, including fraudulent

concealment. Moreover, remand is necessary because we also conclude that the trial court erred by failing to address Prentice's argument that McCabe waived the affirmative defense of the statute of limitations. Upon determining that the lawsuit was time-barred, the court was obligated to rule on the argument that McCabe waived a defense under the statute of limitations; we do not know why the trial court did not confront the matter.

On remand, the trial court shall allow the parties to file new motions for summary disposition if they wish.[3] If, as we suspect, the statute of limitations again becomes an issue, the trial court shall consider the issue consistent with this opinion. And, if the court determines that the statute of limitations bars the lawsuit and Prentice again argues waiver of that affirmative defense, the trial court shall consider and rule on the issue of waiver. See MCR 2.111(F)(3).

We reverse and remand for proceedings consistent with this opinion. We do not retain jurisdiction. We decline to tax costs under MCR 7.219.


/s/ Mark T. Boonstra
/s/ Jane E. Markey
/s/ Deborah A. Servitto

---

[3] We leave to the discretion of the trial court whether any additional discovery should be granted in light of our ruling that focuses attention on the 2004 refinancing.