THROOP *v.* RUSSELL.

1. LIMITATIONS—NEW PROMISE—SUFFICIENCY.

An acknowledgment of a debt, in order to remove the bar of limitations, must contain an unqualified and direct admission of a present subsisting debt which the party is liable and willing to pay, and be unaccompanied by any circumstances or declarations which repel the presumption of a promise or intention to pay.

2. SAME.

A letter by the maker to the payee of notes against which limitations have run, stating that the fact that the notes have outlawed need not enter into the matter, and that the writer will endeavor to raise a certain sum less than the face of the notes if the holder will surrender them, and that if in the future the holder need any money the writer will endeavor to give it to him, and stating further, "I am not backing up or repudiating anything," is a conditional proposition, and is not a waiver of the bar of limitations.

Error to Wayne; Rohnert, J. Submitted April 12, 1906. (Docket No. 59.) Decided September 20, 1906.

Assumpsit by William A. Throop against Frank P. Russell on certain promissory notes. There was judgment for defendant on a verdict directed by the court, and plaintiff brings error. Affirmed.

*E. T.* and *J. Harvey Wood,* for appellant.

*Ralph L. Aldrich,* for appellee.

McALVAY, J. Plaintiff brought suit March 2, 1905, against defendant in the Wayne circuit court upon three certain promissory notes and interest at the rate of 7 per cent., made and executed August 13, 1892, as follows: One for $500 due one year after date; one for $740 due two years after date; and one for $729 due three years after date. On the $500 note there were several indorsements of $10 each, the last of which is dated September 20, 1894. No payments were made on the two other notes. Defendant pleaded the general issue, and gave notice of the statute of limitations. It is admitted that the notes on their face are barred by the statute. Appellant claimed that the bar of the statute had been removed by new promises in writing made by defendant. The notes and the letters which were claimed to contain such new promises were offered in evidence by plaintiff. No evidence was offered by defendant. The trial judge held that the language of the letters could not be construed as amounting to an acknowledgment of indebtedness and a new promise to pay, and instructed a verdict for defendant.

The only question in the case is whether the court erred in his construction of the letters, and in directing a verdict. Plaintiff lived in Toledo and defendant in Detroit. The notes were given in settlement between them of a certain business venture in which they had been engaged. The correspondence upon which plaintiff relies was had between them in October, 1902.

Plaintiff wrote defendant October 7th:

" Kindly get me the abstract on those lots of mine as soon as possible and give it to Mr. Wood. I may be able to get the money I want on them here, and if so will want the abstract. Do not give up trying to get for me in Detroit, as I may fall down on it here. I am counting on your paying the $500 on the first of Nov. as I'll have to have it or will not be able to do as I want to."

Defendant answered October 14th:

" I will have the abstract out of Burton's office and will deliver to Mr. Wood. Please let me know whether or not you have the loan. I do not like to ask people to loan money when I do not know whether or not the loan will be needed. I am working hard; next week will have auction sale that I am certain will give me money to pay you. I have made money all year, but it is hard to get cash when I want it. Will write you again in a few days."

Plaintiff wrote again October 16th:

"Yours of the 14th, inst. received, and in reply will say that I have not been able to make the loan here as I hoped when I wrote you before, so leave it to you to get it for me, and I hope you will be able to get more than $500.00 on the lots as I need the money. I send the deed to Mr. Wood the first of the week. * * * I think I told you that I must have the money by Nov. 1st, or it's all off with me, so keep things stirred up and be Johnny on the spot."

Defendant wrote October 27th:

"I suppose you have wondered why I did not answer your last letter. I waited because I wanted to know just what I could do. I have bent all my work to get money for you, and it was not till today that I was sure. I will be able to send you $500.00 for myself on the 1st, and I have no doubt I will be able to secure you $500 on the lots. * * *"

Defendant wrote again October 29th:

" Now in regard to our matter. Yesterday I was offered cash for a piece of property here that I had not figured on selling till next year in the spring or summer. The offer is about $1,500 less than I had figured on getting, but I want to get cleared up and I thought you would

be willing to help. You will, of course, remember the nature of the deal. * * * I agreed to take entire responsibility for everything and included in the notes even salary to you for the time we were together. Of the Toledo lots everything that I received went to clear up the indebtedness, and I still have $500 to pay. Should I pay the notes on the basis you proposed, I would be out on the deal altogether about $5,000 in cash, more or less, and you would have had a much better investment for your money than if it had been in the bank. As I look back at it, the division of loss does not seem proper. Of course you have my notes. I think they are outlawed, but that question need not enter into the matter. If you will say that you will take $1,000 now and give me back the notes I will endeavor to make sale I spoke of in first part of letter. If you do so and in the future you need any money I will endeavor to give it to you. In thinking this over try to put yourself in my place. Remember I am not backing up or repudiating anything. In any way of looking at it I cannot but think I made a mistake of inexperience and youth in giving the notes. Now that I am older and see that others do not use me that way I feel that I have a right to endeavor to lighten my burden."

Plaintiff answered this letter November 3d:

" * * * I was very much surprised when I read your proposition, and I do not feel that I can accept it. These notes have been running a long time and you have not paid anything on them and it has been very hard for me, as I have needed the money but I have not pushed you, and I feel that I have done all I can. I made you a good offer in Detroit and you accepted it, and that more than took off the item of salary which was $240 only. I hope you will get the money for me on my lots, and also send me the agreed $500 on the notes at once as I am waiting for it, before I can do anything here, and I agreed to make good Nov. 1."

In the foregoing letters of defendant everything is given which bears upon the notes in question. Letters written by plaintiff are given because he claims that as part of the correspondence they are material. These are the writings which plaintiff claims amount to a new promise on the part of defendant. In his brief plaintiff fairly and clearly states the proposition before us in this case.

"The question then is: Has Mr. Russell in his letters to Mr. Throop made such new promises as to constitute an acknowledgment of the debt sufficient to remove the bar of the statute and revive the debt for six years from the date of such letters?"

In this State the law is well settled as to what constitutes a new promise in writing sufficient to remove the bar of the statute. This court has said:

"Whenever a new promise is set up to remove the bar of the statute, it ought to be proved in a clear and explicit manner, either expressly, or in such unqualified acknowledgment as authorizes its implication. * * * And although it is held no set form of words is requisite to constitute a sufficient acknowledgment, and that it may be inferred from facts without words; yet the acknowledgment ought to contain an unqualified and direct admission of a present subsisting debt which the party is liable and willing to pay and be unaccompanied by any circumstances or declarations which repel the presumption of a promise or intention to pay." *Ten Eyck* v. *Wing*, 1 Mich. 40, and cases cited.

This is the leading Michigan case and the learned judge in the able opinion cites and digests the leading English and American authorities. This case has been accepted as the law in this State upon this question.

In the case at bar the writings of defendant relied upon as a sufficient acknowledgment to create a new promise are all set forth above. The letters from plaintiff which are given in this opinion, and to which the letters of defendant are answers, make no direct mention of the notes in question except the last one in answer to the proposition of settlement. The letter of October 29th, written by defendant, is the one upon which plaintiff places most reliance. The entire part material to the case has been quoted. Defendant, in portions not necessary to give in this opinion, states how the indebtedness on the notes arose, and his present financial condition. He says:

"Of course you have my notes. I think they are outlawed, but that question need not enter into the matter.

If you say you will take $1,000.00 now and give me back the notes I will endeavor to make sale I spoke of in first part of letter.  If you do so, and in the future need any money I will endeavor to give it to you.  In thinking this over put yourself in my place.  Remember I am not backing up or repudiating anything."

We construe this to be a proposition by defendant, who knew the notes were outlawed, that if the plaintiff would surrender them he would pay him $1,000.  To this proposition plaintiff replied:

" I was very much surprised when I read your proposition and I do not feel that I can accept it."

The proposition was conditional, it contains no promise to pay unless the condition was accepted, and we do not construe it as a waiver of the right to rely upon the defense of the statute.

In the case of *Rumsey* v. *Settle's Estate*, 120 Mich. 372, relied upon by plaintiff, and in which this court held that the letters of decedent contained a new acknowledgment and promise to pay, the letters state " I will say this, that every cent I owe you will be paid," and,   " * * * and I owe you.  Now I want to fix your matter up in some way; that is, give you a new note, or if you think a note worthless, what will you take in cash and balance all I owe you ?"

It will be noticed that in the first letter, written before any of the notes were outlawed, there is an explicit acknowledgment of the indebtedness and a promise to pay, which the court held would prevent the running of the statute for six years thereafter, and the second letter, written two years before that time expired, was to the same effect and operated in the same way.  It will be seen that *Rumsey* v. *Settle's Estate*, supra, is easily distinguishable from the case at bar.

In the case of *Halladay* v. *Weeks*, 127 Mich. 363, the promise was held to be a conditional one and not sufficient to comply with the statute.

Our conclusion is that the circuit judge was right in

holding that under the decisions the evidence offered was not such an acknowledgment of the indebtedness that a promise to pay could be inferred therefrom.

The judgment is affirmed.

CARPENTER, C. J., and GRANT, BLAIR, and MOORE, JJ., concurred.