HARRIS v CITY OF ALLEN PARK

Docket No. 126634. Submitted January 15, 1992, at Detroit. Decided
February 18, 1992, at 9:10 A.M.

James A. Harris and other former employees of the City of Allen
Park brought a class action in the Wayne Circuit Court against
the city and its retirement board, alleging that the defendants
breached contractual rights and violated fiduciary duties by not
paying them all the interest generated by their individual
contributions to the retirement system. The plaintiffs consist of
two groups. The first group includes those employees who
retired from city employment before July 1, 1983, and receive
periodic pension benefits (the Harris group). The other group
includes those former employees who left city employment
before retirement and received lump-sum payments of their
contributions to the retirement system. The defendants moved
for partial summary disposition, arguing that the statute of
limitations barred the actions of certain plaintiffs. The trial
court, J. Phillip Jourdan, J., denied the motion, finding that the
cause of action did not accrue until January 1, 1984, when the
retirement plan was amended to provide increased benefits to
subsequent retirees, and that the action, filed on October 23,
1987, was brought within the applicable six-year period of
limitation. The defendants appealed by leave granted.

The Court of Appeals *held:*

The trial court incorrectly determined that the plaintiffs'
cause of action did not accrue until January 1984. The cause of
action accrued when the funds that the plaintiffs claim they
were entitled to were not paid, not when the defendants alleg-
edly gave this misappropriated amount to post-1984 retirees by
changing the terms of the retirement system. The court should
have granted partial summary disposition and dismissed those
plaintiffs who received lump-sum payments before October 23,
1981, and those plaintiffs who retired from the system and are
seeking damages for periodic pension payments made before

REFERENCES

Am Jur 2d, Limitation of Actions § 126.

See the Index to Annotations under Limitation of Actions; Pension
and Retirement.

October 23, 1981. Every periodic payment that is alleged to be less than the amount due the plaintiffs in the Harris group constitutes a continuing breach of contract and the limitation period runs from the date each payment was due. On remand, the court should determine which plaintiffs are now barred in whole or in part.

Reversed and remanded.

LIMITATION OF ACTIONS — ACCRUAL OF ACTIONS — CONTRACTS.

A claim accrues, for purposes of the applicable statute of limitations, when suit may be brought; a plaintiff need not know of the invasion of a legal right in order for the claim to accrue; for contract actions, the period of limitation generally begins to run on the date of the breach of the contract.

*Burley, Barton, Misko & Falzone, P.C.* (by *Thomas J. Misko*), for the plaintiffs.

*Pagnucco, Kruse & Tamsen* (by *Kenneth D. Kruse*), and *Feiler, Joelson, Lakind & Rosenberg* (by *Michael H. Feiler*), for the defendants.

Before: MURPHY, P.J., and CAVANAGH and CONNOR, JJ.

CONNOR, J. We granted defendants' application for leave to appeal from the February 14, 1990, order of the trial court denying defendants' motion for partial summary disposition that alleged that plaintiffs' action was time-barred for certain members of the plaintiff class. We reverse the trial court's order denying summary disposition.

On January 1, 1984, defendant City of Allen Park amended its retirement plan, increasing the level of benefits. Before that time, persons retiring, and particularly those terminating their service with the city and accepting a lump-sum distribution of vested benefits, received the money contributed by the city to the plan, plus interest at three percent a year. In this suit, plaintiffs contend that the rate of interest was much lower than the rate

of earnings actually generated by investments made by the defendant retirement board.

Plaintiffs filed this case as a class action involving two groups. One group is comprised of those employees who retired from city employment before July 1, 1983, and receive periodic pension benefits. This group is represented by plaintiffs Harris, Bessel, Miner, and Tauck (Harris group). The other group includes those former employees, represented by plaintiffs Sharp and Wigginton (Sharp group), who left city employment before retirement and received lump-sum payments of their contributions to the retirement system.

It is plaintiffs' claim that the interest from their contributions was used to increase the size of the retirement fund as a whole. This alleged misappropriation of contributed funds was then used to award increased pension benefits to those persons who retired from the city after June 1983 on the basis of changes in the terms of the retirement system that became effective in January 1984. It was alleged in plaintiffs' complaint that defendants breached contractual rights and violated fiduciary duties by not paying plaintiffs all the interest generated from their individual contributions to the retirement system.

Defendants filed a motion for partial summary disposition under MCR 2.116(C)(7), arguing that the six-year period of limitation for contract actions, MCL 600.5807(8); MSA 27A.5807(8), barred the actions of those plaintiffs who received lump-sum payments, the Sharp group, six years before this action was filed. Similarly, the defendants argued that any payments of periodic benefits to plaintiffs in the Harris group made six years before this case was filed would also be time-barred.

In opposition to the motion, plaintiffs argued that their cause of action did not accrue until

January 1, 1984, when the increased benefits to subsequent retirees went into effect. In support of their motion, plaintiffs relied upon the provisions of the city charter and collective bargaining agreements produced by defendants.

On the basis of plaintiffs' complaint, the trial court agreed that the cause of action did not accrue until January 1984. Accordingly, the motion for summary disposition was denied.

Defendants argued below that summary disposition was available under MCR 2.116(C)(7). When reviewing a motion under that rule, the plaintiff's well-pleaded allegations are accepted as true and are construed in the plaintiff's favor. *Kassab v Michigan Basic Property Ins Ass'n,* 185 Mich App 206, 210; 460 NW2d 300 (1990), lv gtd 439 Mich 864 (1991). If the pleadings demonstrate that a party is entitled to judgment as a matter of law, or if affidavits or other documentary evidence show that there is no genuine issue of material fact, the trial court must render judgment without delay. *Paterek v 6600 Limited,* 186 Mich App 445, 447; 465 NW2d 342 (1990). If no facts are in dispute, whether the claim is statutorily barred is a question for the court as a matter of law. *Kassab, supra,* p 211.

A claim accrues, for purposes of the statute of limitations, when suit may be brought. *Smith v Dep't of Treasury,* 163 Mich App 179, 183; 414 NW2d 374 (1987). For contract actions, the period of limitation generally begins to run on the date of the breach of the contract. *In re Easterbrook Estate,* 114 Mich App 739, 748; 319 NW2d 655 (1982). A plaintiff need not know of the invasion of a legal right in order for the claim to accrue. *Thomas v Process Equipment Corp,* 154 Mich App 78, 87; 397 NW2d 224 (1986).

In reviewing the arguments made in support of

summary disposition below and the documentary evidence offered, we believe the trial court incorrectly determined that plaintiffs' cause of action did not accrue until January 1984. Plaintiffs' action is based on allegations that retirees after January 1984 benefited from interest generated by plaintiffs' contributions to the retirement fund. The wrongful conduct alleged is not the payment of increased benefits to post-1984 retirees, but the misappropriation of interest earned by plaintiffs, which occurred well before 1984 according to plaintiffs' complaint. The cause of action accrued when the funds plaintiffs claim they were entitled to were not paid, not when defendants allegedly gave this misappropriated amount to post-1984 retirees by changing the terms of the retirement system. Accordingly, as a matter of law, the trial court should have granted partial summary disposition and dismissed those plaintiffs who received lump-sum payments before October 23, 1981 (six years before this action was filed), and those plaintiffs who retired from the system and are seeking damages for periodic pension payments made before October 23, 1981. However, not all individuals who retired from the system more than six years before this action was filed should have their claims barred. Pension benefits are similar to installment contracts and the period of limitation runs from the date each installment is due. Therefore, every periodic payment made that is alleged to be less than the amount due plaintiffs in the Harris group constitutes a continuing breach of contract and the limitation period runs from the due date of each payment. See *Bishop v State of Florida, Division of Retirement,* 413 So 2d 776, 778 (Fla App, 1982); *Trustees for Alaska Laborers— Construction Industry Health & Security Fund v Ferrell,* 812 F2d 512, 517 (CA 9, 1987).

On remand, the trial court should determine which individual plaintiffs are now barred from this case in whole or in part because of the statute of limitations.

Reversed and remanded for action consistent with this opinion. We do not retain jurisdiction.