ADAMS v CITY OF DETROIT

Docket No. 201927. Submitted October 6, 1998, at Detroit. Decided
November 24, 1998, at 9:10 A.M. Leave to appeal sought.

Earlene Adams and other former employees of the city of Detroit,
who retired in 1983 or earlier pursuant to an early retirement plan,
brought an action in the Wayne Circuit Court against the city, alleg-
ing a breach of contract as a result of the city's failure to pay the
retirees' health insurance premiums. The court, Kirsten Frank
Kelly, J., granted summary disposition in favor of the city on the
ground that the plaintiffs' claim was barred by the applicable stat-
ute of limitations. Some of the plaintiffs appealed.

The Court of Appeals *held*:

1. The court erred in ruling that the date of the breach of con-
tract with regard to each plaintiff was the date upon which each
began receiving retirement benefits that did not include medical
coverage. Pension benefits are similar to installment contracts and
the period of limitation runs from the date each installment is due.
The plaintiffs may seek all benefits withheld up to six years, the
period of limitation, before the commencement of their action.

2. All the elements of each plaintiff's claim of breach existed
from the moment that the city began providing incomplete retire-
ment benefits. The fact that the plaintiffs did not appreciate their
rights until the Court of Appeals decided *Clexton v Detroit*, 179
Mich App 209 (1989), which held that the retirees under the same
early retirement plan are entitled to health insurance benefits, does
not require that the limitation period applicable to the plaintiffs'
action should begin to run from the date that *Clexton* was decided.

3. A memorandum from the city's agent to the staff of the city's
retirement system that addressed the health insurance benefits
issue in light of the *Clexton* decision did not revive any time-barred
claims under MCL 600.5866; MSA 27A.5866. The memorandum con-
tained conditional language and constituted neither a direct admis-
sion of an existing debt nor an unqualified statement of intention to
pay.

4. The city did not conceal the plaintiffs' cause of action, misrep-
resent the applicable period of limitation, or attempt to dissuade
the plaintiffs from commencing their action at an earlier time. The

city's pre-*Clexton* representations to the plaintiffs were not intentional misrepresentations. The city is not equitably estopped from raising the statute of limitations in defense of the plaintiffs' claims.

Reversed and remanded.

1. LIMITATION OF ACTIONS — ACCRUAL OF ACTIONS — CONTRACTS — PENSION BENEFITS.

The period of limitation applicable to an action for breach of contract with regard to alleged deficient pension benefit payments begins to run from the date each payment is due; every periodic payment made that is alleged to be less than the amount due constitutes a continuing breach of contract and the limitation period runs from the date of each payment.

2. CONTRACTS — ACCRUAL OF ACTIONS.

A breach of contract claim accrues on the date of the breach, not on the date the breach is discovered.

3. CONTRACTS — ACCRUAL OF ACTIONS — KNOWLEDGE.

A plaintiff need not know of the invasion of a legal right in order for a claim thereon to accrue and may not delay action regarding violated legal rights until a subsequent appellate court decision inspires action.

4. LIMITATION OF ACTIONS — REVIVAL OF TIME-BARRED CLAIMS — ACKNOWLEDGMENTS.

An acknowledgment of a contractual obligation must contain an unqualified and direct admission of a present subsisting debt that the party is liable and willing to pay and must be unaccompanied by any circumstances or declarations that repel the presumption of a promise or intention to pay in order for the acknowledgment to revive a contract claim that is otherwise time-barred (MCL 600.5866; MSA 27A.5866).

5. EQUITY — LIMITATION OF ACTIONS — CONTRACTS.

Equitable estoppel arises when one party has knowingly concealed or falsely represented a material fact, while inducing another's reasonable reliance on that misrepresentation, under circumstances where the relying party would suffer prejudice if the representing or concealing party were subsequently to assume a contrary position; although the doctrine may bar the use of a statute of limitation as a defense to a contract claim, the Supreme Court has been reluctant to recognize an estoppel in the absence of conduct clearly designed to induce the plaintiff to refrain from bringing the action within the period fixed by statute.

*Foster, Meadows & Ballard, P.C.* (by *Michael J. Liddane, Camille A. Raffa-Dietz,* and *Charles R. Hrdlicka*), for the plaintiffs.

Before: HOEKSTRA, P.J., and CAVANAGH and O'CONNELL, JJ.

O'CONNELL, J.     Plaintiffs-appellants (hereinafter plaintiffs), former employees of defendant city of Detroit, appeal as of right from an order granting summary disposition to defendant under MCR 2.116(C)(7), on the ground that their claim was barred by the applicable statute of limitations. We reverse and remand for further proceedings.

Plaintiffs voluntarily left their employment with defendant pursuant to an early retirement plan available to employees who were at least forty years old and who had been employed with defendant for at least eight years. In 1974 and 1977, defendant's city counsel passed resolutions obligating defendant to pay health insurance premiums for retirees. Defendant initially regarded those resolutions as applying to only conventional retirees, not those taking advantage of the "40 & 8" early retirement plan. Defendant explained to plaintiffs, all of whom retired in 1983 or earlier, that payment of health insurance premiums would not be part of their retirement packages.

In 1989, this Court rendered *Clexton v Detroit,* 179 Mich App 209; 445 NW2d 201 (1989), holding that retirees under the "40 & 8" plan are fully entitled to health insurance benefits. *Id.* at 215. In 1994, plaintiffs sued defendant for unprovided health insurance benefits. Defendant moved to dismiss, contending that the applicable statute of limitations, MCL 600.5807(8);

MSA 27A.5807(8), barred their claims. The trial court agreed and granted the motion.

Plaintiffs argue that the trial court erred in holding that plaintiffs' claims were wholly time barred. The period of limitation for actions over breaches of contract is six years. MCL 600.5807(8); MSA 27A.5807(8). The period of limitation generally begins to run on the date of the breach. *Harris v Allen Park*, 193 Mich App 103, 106; 483 NW2d 434 (1992). The trial court ruled that the date of breach for each plaintiff was the date upon which each began receiving retirement benefits that did not include medical coverage, this in each instance being more than six years before this action was commenced. Plaintiffs posit four alternative bases for avoiding the bar of the statute of limitations, which we will address in turn.[1] We review these issues de novo, as questions of law. *Miller v Farm Bureau Mut Ins Co*, 218 Mich App 221, 233; 553 NW2d 371 (1996) (summary disposition); *Rapistan Corp v Michaels*, 203 Mich App 301, 306; 511 NW2d 918 (1994) (questions of law).

### I. "INSTALLMENT CONTRACT"

Plaintiffs argued before the trial court that their retirement benefits should be likened to obligations under installment contracts, each deficient periodic payment constituting a separate breach of contract

---

[1] We wish to express our displeasure with defendant city of Detroit for its failure to participate meaningfully in this appeal, having neither submitted a brief nor appeared for oral argument. This particularly concerns us in that the present and future consequences of the instant case implicate large sums of public money for which defendant is responsible. We are disappointed not only by defendant's failure to defend the public treasury, but also by defendant's failure to assist this Court in resolving this important case.

actionable for the following six years. The trial court rejected this argument, ruling that "medical and hospitalization were a one time benefit."

Plaintiffs rely on *Harris, supra* at 107, where, under facts similar to those of the instant case, this Court ruled as follows:

> [N]ot all individuals who retired from the system more than six years before this action was filed should have their claims barred. Pension benefits are similar to installment contracts and the period of limitation runs from the date each installment is due. Therefore, every periodic payment made that is alleged to be less than the amount due plaintiffs . . . constitutes a continuing breach of contract and the limitation period runs from the due date of each payment.

The trial court distinguished the instant case from *Harris* in that *Harris* concerned periodic payments of a monetary benefit, whereas the instant case concerned premiums to be paid directly to an insurance carrier. We agree with plaintiffs that *Harris* is applicable to this case, the incidental factual distinction notwithstanding. There is no meaningful difference, for purposes of likening a retirement plan to an installment contract, between benefits paid directly to the retiree and benefits paid to a third party for services to be rendered to the retiree.

Accordingly, we conclude that the trial court erred in ruling that plaintiffs' claims were entirely barred by the statute of limitations. We hold that each plaintiff is entitled to proceed against defendant for all benefits withheld up to six years before commencement of this cause of action.

Plaintiffs argue that because they did not understand that they had a claim against defendant until this Court published its decision in *Clexton, supra,* the accrual date of their claims should be that of *Clexton*'s release. We disagree.

"A plaintiff need not know of the invasion of a legal right in order for the claim to accrue." *Harris, supra* at 106; see also *Michigan Millers Mut Ins Co v West Detroit Bldg Co, Inc,* 196 Mich App 367, 372, n 1; 494 NW2d 1 (1992) ("A breach of contract claim accrues on the date of the breach, not the date the breach is discovered."). Further, a plaintiff may not "sleep on his rights until a subsequent appellate court decision rouse[s] him to action." *Lothian v Detroit,* 414 Mich 160, 175; 324 NW2d 9 (1982). Plaintiffs are not exempted from these principles because of their failure to appreciate their rights before *Clexton* was issued. All the elements of each plaintiff's claim of breach existed from the moment that defendant began providing incomplete retirement benefits. Further, at least some retirees, obviously including the plaintiff in *Clexton,* recognized that a breach had taken place. For these reasons, plaintiffs' argument that the limitation period should begin with the release of *Clexton* must fail. Plaintiffs may not use *Clexton* as a means of attaching a later date to claims that otherwise fall outside the six-year period of limitation.

III. REVIVAL OF CLAIMS UNDER MCL 600.5866; MSA 27A.5866

In November 1991, defendant's agent issued a memorandum addressed to the staff of defendant's retirement system announcing that, in light of *Clexton,*

defendant's policy was that vested retirees "who resigned prior to July 1, 1983 and began collection prior to August 8, 1989 are all eligible for benefits provided they made a written request within six (6) years of their receipt of their first retirement check." Plaintiffs, citing the revival statute, MCL 600.5866; MSA 27A.5866, argue that this memorandum revived their claims in the face of any running of the period of limitation. We disagree.

MCL 600.5866; MSA 27A.5866 provides as follows:

> Express or implied contracts which have been barred by the running of the period of limitation shall be revived by the acknowledgment or promise of the party to be charged. But no acknowledgment or promise shall be recognized as effective to bar the running of the period of limitations or revive the claim unless the acknowledgment is made by or the promise is contained in some writing signed by the party to be charged by the action.

Our Supreme Court, in ancient cases that nonetheless comport with the current statute and guide our reading of it, stated that for an acknowledgment of a contractual obligation to revive a contract claim that is otherwise time barred, the acknowledgment must contain " 'an unqualified and direct admission of a present subsisting debt which the party is liable and willing to pay and be unaccompanied by any circumstances or declarations which repel the presumption of a promise or intention to pay.' " *Throop v Russell*, 145 Mich 482, 486; 108 NW 1013 (1906), quoting *Ten Eyck v Wing*, 1 Mich 40, 47 (1848).

In the instant case, the memorandum to which plaintiffs point, given its conditional language, constitutes neither a direct admission of an existing debt

nor an unqualified statement of intention to pay. Accordingly, we agree with the trial court that the memorandum did not revive any time-barred claims.

IV. ESTOPPEL

Plaintiffs argue that defendant should be equitably estopped from asserting the statute of limitations as a defense to plaintiffs' claims. We disagree.

Equitable estoppel arises where one party has knowingly concealed or falsely represented a material fact, while inducing another's reasonable reliance on that misapprehension, under circumstances where the relying party would suffer prejudice if the representing or concealing party were subsequently to assume a contrary position. See *Cincinnati Ins Co v Citizens Ins Co*, 454 Mich 263, 270; 562 NW2d 648 (1997); *Moore v First Security Casualty Co*, 224 Mich App 370, 376; 568 NW2d 841 (1997). Although the doctrine can operate to bar use of the statute of limitations as a defense to a contract claim, our Supreme Court has been "reluctant to recognize an estoppel in the absence of conduct clearly designed to induce the plaintiff to refrain from bringing action within the period fixed by statute." *Lothian, supra* at 177 (internal quotation marks and citation omitted).

In the instant case, defendant did not conceal plaintiffs' cause of action, misrepresent the applicable period of limitation, or otherwise attempt to dissuade plaintiffs from commencing action at an earlier time. See *Attorney General v Consumers Power Co (On Rehearing)*, 202 Mich App 74, 81; 508 NW2d 901 (1993). Defendant's pre-*Clexton* representations to plaintiffs that they were not entitled to health insurance benefits was an honest reflection of policy pur-

suant to a reasonable, though incorrect, interpretation of defendant's obligations. Because there was no intentional misrepresentation at the time, defendant is not equitably estopped from raising the statute of limitations in defense of plaintiffs' claims.

Plaintiffs further argue that defendant was their retirement plan fiduciary and that defendant accordingly had an affirmative duty to inform them of the *Clexton* result. However, plaintiffs never properly brought this assertion before the court below, and did not otherwise challenge defendant's claim that defendant was not a plan fiduciary. For these reasons, for purposes of this appeal we decline to charge defendant with the special duties of a plan fiduciary.

### V. CONCLUSION

The trial court erred in treating defendant's failure to pay health insurance premiums for each plaintiff as one-time occurrences, dating each from the moment each plaintiff began receiving benefits for purposes of applying the statute of limitations. On remand, the court should liken plaintiffs' retirement benefits to installment contracts, each deficient payment of benefits marking the time from which a separate claim accrues. Accordingly, plaintiffs may pursue their claims for any unprovided benefits dating from the six years before plaintiffs filed suit. Defendant is free to raise the statute of limitations as a defense to any earlier claims.

The release of this Court's ruling in *Clexton, supra,* has no bearing on the accrual date of any claim, nor does defendant's agent's memorandum of November 1991 revive any claim that falls outside the six-year limitation period as described above.

Reversed and remanded for further proceedings. We do not retain jurisdiction.