591 N.W.2d 67 (1998)
Earlene ADAMS, Vera E. Brown, Genora Edison, Richard R. Encelewski, Marie Mooney Hand, Carlo Iorio, Mary Justice, Charlotte McKinney, Vernette V. Preer, Eleanor E. Schwartz and James C. Williams, Plaintiffs, and
Andrea J. Amato, Harold Ashman, Jeanne M. Begue, William G. Bentson, Dorothy Casey, John W. Conway, Alma R. Lowery-dunn, John E. Durack, Margery A. Emge, Hugh J. Goslin, Maurice Greenberg, Selma Jakont Greenberg, Harry D. Hook, James Bennett Jones, Barbara A. Lindquist, Florence M. Loney, Marjorie McMillin, Lucille McNally, Lillian S. Magiera, Eugene Milczarski, Jr., Richard H. Miller, Callie M. Mitchell, Nessie V. Montgomery, Bart Narring, Alfred L. Nicholson, George A. Percha, Juanita M. Perry, Esther Puggini, Edward N. Schlotter, Sylvia M. Smillie, William Sniderman, Dorothy J. Toliver, Barbara Vandenameele, Ralph Vigliotti, Herman M. Weiler, Laura M. Whidby and Lettie Mae Wright, Plaintiffs-Appellants,
v.
CITY OF DETROIT, Defendant-Appellee.
Docket No. 201927.
Court of Appeals of Michigan.
Submitted October 6, 1998, at Detroit.
Decided November 24, 1998, at 9:10 a.m.
Released for Publication February 23, 1999.
*68 Foster, Meadows & Ballard, P.C. by Michael J. Liddane, Camille A. Raffa-Dietz, and Charles R. Hrdlicka, Detroit, for the plaintiffs.
Before HOEKSTRA, P.J., and MARK J. CAVANAGH and O'CONNELL, JJ.
O'CONNELL, J.
Plaintiffs-appellants (hereinafter plaintiffs), former employees of defendant city of Detroit, appeal as of right from an order granting summary disposition to defendant under MCR 2.116(C)(7), on the ground that their claim was barred by the applicable statute of limitations. We reverse and remand for further proceedings.
Plaintiffs voluntarily left their employment with defendant pursuant to an early retirement plan available to employees who were at least forty years old and who had been employed with defendant for at least eight years. In 1974 and 1977, defendant's city counsel passed resolutions obligating defendant to pay health insurance premiums for retirees. Defendant initially regarded those resolutions as applying to only conventional retirees, not those taking advantage of the "40 & 8" early retirement plan. Defendant explained to plaintiffs, all of whom retired in 1983 or earlier, that payment of health insurance premiums would not be part of their retirement packages.
In 1989, this Court rendered Clexton v. Detroit, 179 Mich.App. 209, 445 N.W.2d 201 (1989), holding that retirees under the "40 & 8" plan are fully entitled to health insurance benefits. Id. at 215, 445 N.W.2d 201. In 1994, plaintiffs sued defendant for unprovided health insurance benefits. Defendant moved to dismiss, contending that the applicable statute of limitations, M.C.L. § 600.5807(8); MSA 27A.5807(8), barred their claims. The trial court agreed and granted the motion.
Plaintiffs argue that the trial court erred in holding that plaintiffs' claims were wholly time barred. The period of limitation for actions over breaches of contract is six years. MCL 600.5807(8); MSA 27A.5807(8). The period of limitation generally begins to run on the date of the breach. Harris v. Allen Park, 193 Mich.App. 103, 106, 483 N.W.2d 434 (1992). The trial court ruled that the date of breach for each plaintiff was the date upon which each began receiving retirement benefits that did not include medical coverage, this in each instance being more than six years before this action was commenced. Plaintiffs posit four alternative bases for avoiding the bar of the statute of limitations, which we will address in turn.[1] We review *69 these issues de novo, as questions of law. Miller v. Farm Bureau Mut. Ins. Co., 218 Mich.App. 221, 233, 553 N.W.2d 371 (1996) (summary disposition); Rapistan Corp. v. Michaels, 203 Mich.App. 301, 306, 511 N.W.2d 918 (1994) (questions of law).

I. "Installment Contract"
Plaintiffs argued before the trial court that their retirement benefits should be likened to obligations under installment contracts, each deficient periodic payment constituting a separate breach of contract actionable for the following six years. The trial court rejected this argument, ruling that "medical and hospitalization were a one time benefit."
Plaintiffs rely on Harris, supra at 107, 483 N.W.2d 434, where, under facts similar to those of the instant case, this Court ruled as follows:
[N]ot all individuals who retired from the system more than six years before this action was filed should have their claims barred. Pension benefits are similar to installment contracts and the period of limitation runs from the date each installment is due. Therefore, every periodic payment made that is alleged to be less than the amount due plaintiffs ... constitutes a continuing breach of contract and the limitation period runs from the due date of each payment.
The trial court distinguished the instant case from Harris in that Harris concerned periodic payments of a monetary benefit, whereas the instant case concerned premiums to be paid directly to an insurance carrier. We agree with plaintiffs that Harris is applicable to this case, the incidental factual distinction notwithstanding. There is no meaningful difference, for purposes of likening a retirement plan to an installment contract, between benefits paid directly to the retiree and benefits paid to a third party for services to be rendered to the retiree.
Accordingly, we conclude that the trial court erred in ruling that plaintiffs' claims were entirely barred by the statute of limitations. We hold that each plaintiff is entitled to proceed against defendant for all benefits withheld up to six years before commencement of this cause of action.

II. Clexton as Establishing the Date of Accrual
Plaintiffs argue that because they did not understand that they had a claim against defendant until this Court published its decision in Clexton, supra, the accrual date of their claims should be that of Clexton's release. We disagree.
"A plaintiff need not know of the invasion of a legal right in order for the claim to accrue." Harris, supra at 106, 483 N.W.2d 434; see also Michigan Millers Mut. Ins. Co. v. West Detroit Bldg. Co., Inc., 196 Mich.App. 367, 372, n. 1, 494 N.W.2d 1 (1992) ("A breach of contract claim accrues on the date of the breach, not the date the breach is discovered."). Further, a plaintiff may not "sleep on his rights until a subsequent appellate court decision rouse[s] him to action." Lothian v. Detroit, 414 Mich. 160, 175, 324 N.W.2d 9 (1982). Plaintiffs are not exempted from these principles because of their failure to appreciate their rights before Clexton was issued. All the elements of each plaintiff's claim of breach existed from the moment that defendant began providing incomplete retirement benefits. Further, at least some retirees, obviously including the plaintiff in Clexton, recognized that a breach had taken place. For these reasons, plaintiffs' argument that the limitation period should begin with the release of Clexton must fail. Plaintiffs may not use Clexton as a means of attaching a later date to claims that otherwise fall outside the six-year period of limitation.

III. Revival of Claims Under M.C.L. § 600.5866; MSA 27A.5866
In November 1991, defendant's agent issued a memorandum addressed to the staff of defendant's retirement system announcing that, in light of Clexton, defendant's policy *70 was that vested retirees "who resigned prior to July 1, 1983 and began collection prior to August 8, 1989 are all eligible for benefits provided they made a written request within six (6) years of their receipt of their first retirement check." Plaintiffs, citing the revival statute, M.C.L. § 600.5866; MSA 27A.5866, argue that this memorandum revived their claims in the face of any running of the period of limitation. We disagree.
MCL 600.5866; MSA 27A.5866 provides as follows:
Express or implied contracts which have been barred by the running of the period of limitation shall be revived by the acknowledgment or promise of the party to be charged. But no acknowledgment or promise shall be recognized as effective to bar the running of the period of limitations or revive the claim unless the acknowledgment is made by or the promise is contained in some writing signed by the party to be charged by the action.
Our Supreme Court, in ancient cases that nonetheless comport with the current statute and guide our reading of it, stated that for an acknowledgment of a contractual obligation to revive a contract claim that is otherwise time barred, the acknowledgment must contain "`an unqualified and direct admission of a present subsisting debt which the party is liable and willing to pay and be unaccompanied by any circumstances or declarations which repel the presumption of a promise or intention to pay.'" Throop v. Russel, 145 Mich, 482, 486, 108 N.W. 1013 (1906), quoting Ten Eyck v. Wing, 1 Mich. 40, 47 (1848).
In the instant case, the memorandum to which plaintiffs point, given its conditional language, constitutes neither a direct admission of an existing debt nor an unqualified statement of intention to pay. Accordingly, we agree with the trial court that the memorandum did not revive any time-barred claims.

IV. Estoppel
Plaintiffs argue that defendant should be equitably estopped from asserting the statute of limitations as a defense to plaintiffs' claims. We disagree.
Equitable estoppel arises where one party has knowingly concealed or falsely represented a material fact, while inducing another's reasonable reliance on that misapprehension, under circumstances where the relying party would suffer prejudice if the representing or concealing party were subsequently to assume a contrary position. See Cincinnati Ins. Co. v. Citizens Ins. Co., 454 Mich. 263, 270, 562 N.W.2d 648 (1997); Moore v. First Security Casualty Co., 224 Mich.App. 370, 376, 568 N.W.2d 841 (1997). Although the doctrine can operate to bar use of the statute of limitations as a defense to a contract claim, our Supreme Court has been "reluctant to recognize an estoppel in the absence of conduct clearly designed to induce the plaintiff to refrain from bringing action within the period fixed by statute." Lothian, supra at 177, 324 N.W.2d 9 (internal quotation marks and citation omitted).
In the instant case, defendant did not conceal plaintiffs' cause of action, misrepresent the applicable period of limitation, or otherwise attempt to dissuade plaintiffs from commencing action at an earlier time. See Attorney General v. Consumers Power Co. (On Rehearing), 202 Mich.App. 74, 81, 508 N.W.2d 901 (1993). Defendant's pre-Clexton representations to plaintiffs that they were not entitled to health insurance benefits was an honest reflection of policy pursuant to a reasonable, though incorrect, interpretation of defendant's obligations. Because there was no intentional misrepresentation at the time, defendant is not equitably estopped from raising the statute of limitations in defense of plaintiffs' claims.
Plaintiffs further argue that defendant was their retirement plan fiduciary and that defendant accordingly had an affirmative duty to inform them of the Clexton result. However, plaintiffs never properly brought this assertion before the court below, and did not otherwise challenge defendant's claim that defendant was not a plan fiduciary. For these reasons, for purposes of this appeal we decline to charge defendant with the special duties of a plan fiduciary.

V. Conclusion
The trial court erred in treating defendant's failure to pay health insurance premiums *71 for each plaintiff as one-time occurrences, dating each from the moment each plaintiff began receiving benefits for purposes of applying the statute of limitations. On remand, the court should liken plaintiffs' retirement benefits to installment contracts, each deficient payment of benefits marking the time from which a separate claim accrues. Accordingly, plaintiffs may pursue their claims for any unprovided benefits dating from the six years before plaintiffs filed suit. Defendant is free to raise the statute of limitations as a defense to any earlier claims.
The release of this Court's ruling in Clexton, supra, has no bearing on the accrual date of any claim, nor does defendant's agent's memorandum of November 1991 revive any claim that falls outside the six-year limitation period as described above.
Reversed and remanded for further proceedings. We do not retain jurisdiction.
NOTES
[1] We wish to express our displeasure with defendant city of Detroit for its failure to participate meaningfully in this appeal, having neither submitted a brief nor appeared for oral argument. This particularly concerns us in that the present and future consequences of the instant case implicate large sums of public money for which defendant is responsible. We are disappointed not only by defendant's failure to defend the public treasury, but also by defendant's failure to assist this Court in resolving this important case.