*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MUZAFFAR H. LAKHANI,

Plaintiff-Appellant,

UNPUBLISHED
May 25, 2023

v

CITY OF INKSTER,

Defendant-Appellee.

No. 360087
Wayne Circuit Court
LC No. 20-006858-CD

Before: RICK, P.J., and SHAPIRO and O'BRIEN, JJ.

PER CURIAM.

Plaintiff appeals as of right the circuit court's order granting defendant's motion for summary disposition with respect to plaintiff's claims of breach of contract. We affirm.

## I. BACKGROUND

This action arises out of the termination of plaintiff's employment by defendant. Plaintiff began working for defendant in July 1998 and eventually became the head of defendant's engineering department. Defendant terminated plaintiff's employment on January 18, 2013. Plaintiff does not contest the legality of defendant's decision to fire him, and instead asserts that he was entitled to severance payments in the amount of $64,407.33, as well as retirement healthcare benefits that were to be dispersed when he reached retirement age. Regarding his entitlement to severance payments, the record indicates that defendant offered to pay plaintiff the benefits he was owed in exchange for plaintiff's signature on a release of all potential legal claims against defendant. He was to sign and return the release no later than April 2013. Plaintiff refused. As to healthcare benefits, there is no indication that defendant ever agreed to provide such to plaintiff after he was terminated.

Plaintiff reached retirement age in 2018. Defendant continued to refuse to pay plaintiff retirement benefits, but confirmed that plaintiff was owed severance benefits and again agreed to pay plaintiff if he would sign the release. Rather than sign the release, plaintiff sued defendant in federal court, asserting a number of state- and federal-law claims. Plaintiff's state-law claims included violations of the Elliot-Larsen Civil Rights Act (ELCRA), MCL 37.2101 *et seq.*, and the Freedom of Information Act (FOIA), MCL 15.231 *et seq.*, as well as claims of breach of contract

-1-

and conversion, whereas his federal-law claims included violations of Title VII of the Civil Rights Act (CRA), 42 USC 2000e *et seq.*, and of the Employee Retirement Income Security Act (ERISA), 29 USC 1001 *et seq*.

The federal court declined to exercise supplemental jurisdiction over plaintiff's state-law claims. It dismissed them without prejudice. Plaintiff then filed an amended complaint that pared down his claims to three counts of discrimination in violation of Title VII of the CRA. Specifically, plaintiff alleged that defendant violated his civil rights on the basis of national origin, race, or religion by denying him severance benefits when his employment was terminated, and by subsequently denying him retiree healthcare benefits when he reached retirement age. Defendant moved for summary judgment, and the federal court granted the motion. It ruled that plaintiff's Title VII claims regarding severance benefits failed because they were time-barred, or alternatively barred for failure to exhaust all available administrative remedies, as required by Title VII. With respect to plaintiff's claims for retiree healthcare benefits, the federal court determined the claims failed because plaintiff was not contractually entitled to such benefits.

After his federal case was entirely dismissed, plaintiff pursued the instant action against defendant in state court, asserting claims of violation of the ELCRA, FOIA, and breach of contract. In lieu of answering plaintiff's complaint, defendant filed a motion for summary disposition. Defendant argued that the contract claim with respect to severance payments were time-barred. It further maintained that the contract claim with respect to retiree healthcare benefits was barred by collateral estoppel, given defendant's complete success in the federal suit. Plaintiff argued in response that his severance benefits claim was not time-barred because one of defendant's employees expressly acknowledged his entitlement to severance benefits, which therefore revived the limitations period. Plaintiff did not address the collateral estoppel argument or acknowledge the outcome of the federal lawsuit. After noting that plaintiff neither acknowledged the prior federal lawsuit nor discussed the collateral estoppel issue, the trial court granted defendant summary disposition under MCR 2.116(C)(7) (claim barred by operation of law). The trial court did not address defendant's statute-of-limitations argument. This appeal followed.

## II. ANALYSIS

Plaintiff argues that the trial court improperly applied the doctrine of collateral estoppel to bar his severance and retiree healthcare benefits claims. We hold that collateral estoppel barred the claim for retiree healthcare benefits, but not the claim for severance benefits. We affirm the dismissal of the latter, however, on the ground that that claim was barred by the applicable statute of limitations.

We first turn to plaintiff's collateral estoppel claims. Applicability of the collateral estoppel doctrine is a question of law that we review de novo. *McMichael v McMichael*, 217 Mich App 723, 727; 552 NW2d 688 (1996). "Collateral estoppel precludes relitigation of an issue in a subsequent, different cause of action between the same parties when the prior proceeding culminated in a valid final judgment and the issue was actually and necessarily determined in that prior proceeding." *Rental Props Owners Ass'n v Kent Co Treasurer*, 308 Mich App 498, 528; 866 NW2d 817 (2014). For collateral estoppel to apply, the following elements must be met: "(1) a question of fact essential to the judgment must have been actually litigated and determined by a valid and final judgment; (2) the same parties must have had a full and fair opportunity to litigate

the issue; and (3) there must be mutuality of estoppel." *William Beaumont Hosp v Wass*, 315 Mich App 392, 398, 889 NW2d 745 (2016) (quotation marks and citation omitted). The issues in both cases must be identical, rather than just similar, and "[t]he previous litigation must have presented a 'full and fair' opportunity to litigate the issue presented in the subsequent case." *Keywell & Rosenfeld v Bithell*, 254 Mich App 300, 340, 657 NW2d 759 (2002).

The issue of whether plaintiff was entitled to retiree healthcare benefits was litigated in federal court, which resulted in a valid final judgment for defendant. Thus, collateral estoppel applies with respect to plaintiff's healthcare benefits contract claim. In the federal suit, plaintiff alleged that he was contractually entitled to retiree healthcare benefits, and that defendant violated Title VII of the CRA by denying him those benefits on the basis of his national origin, race, or religion. Here, plaintiff claims that defendant simply breached its contract with plaintiff by denying him those same benefits. Whether plaintiff was entitled to those benefits was a crucial issue in both cases. In the federal case, the court did not need to reach the question of defendant's racial, religious, or national-origin animus, instead ruling that plaintiff was not contractually entitled to the benefits because he lacked the number of years of service required for eligibility. In other words, defendant could not have breached its contract with plaintiff if the contract did not actually require defendant to provide plaintiff the benefits requested. That factual and legal conclusion now carries over to defeat relitigation of the claim for retiree healthcare benefits here. And since the issue of whether plaintiff was contractually entitled to retiree healthcare benefits was actually and necessarily decided in a prior lawsuit involving the same parties (which resulted in a valid final judgment on the merits) collateral estoppel now bars plaintiff's contract claim regarding those benefits. The trial court thus properly granted summary disposition with respect to plaintiff's claim for retiree healthcare benefits.

The doctrine of collateral estoppel does not apply to plaintiff's claim regarding severance benefits, however, because the federal court did not rule on whether plaintiff was entitled to such payments in the prior lawsuit. Instead, the federal court concluded that the Title VII claim was time-barred, or, alternatively, that plaintiff failed to exhaust his administrative remedies before commencing action. Thus, the issue was never actually litigated in the federal case because the substantive merits of the claim had no bearing on whether plaintiff met the procedural requirements of Title VII for filing that claim. Accordingly, the trial court improperly granted summary disposition on the basis of collateral estoppel with respect to plaintiff's claim for severance benefits.

We nevertheless find that this error does not require reversal because the claim is barred by the applicable statute of limitations. Whether a cause of action is time-barred is a question of law subject to de novo review. *Trentadue v Buckler Lawn Sprinkler*, 479 Mich 378, 386; 738 NW2d 664 (2007). The statute of limitations applicable to plaintiff's breach of contract claim here is six years from the date the claim accrued. MCL 600.5807(9). Plaintiff's claim for breach of an alleged contractual requirement to pay him severance accrued when defendant fired him in January 2013, though defendant appears to concede that the latest possible accrual date would have been when plaintiff learned that an offered severance payment would require him to sign and return a release no later than April 2013. Thus, the statute of limitations would have expired in April 2019 at the very latest. Plaintiff filed this lawsuit on May 29, 2020, more than seven years later, and clearly well after the statute of limitations expired.

Plaintiff argues, however, that MCL 600.5866 revived his claim with respect to the severance payments. The statute provides for the revival of an otherwise time-barred breach of contract claim where the party in breach acknowledges, or promises to perform, the obligation in writing:

> Express or implied contracts which have been barred by the running of the period of limitation shall be revived by the acknowledgment or promise of the party to be charged. But no acknowledgment or promise shall be recognized as effective to bar the running of the period of limitations or revive the claim unless the acknowledgment is made by or the promise is contained in some writing signed by the party to be charged by the action.

To revive an otherwise time-barred contract claim, the written "acknowledgment must contain an unqualified and direct admission of a present subsisting debt which the party is liable and willing to pay and be unaccompanied by any circumstances or declarations which repel the presumption of a promise or intention to pay." *Adams v Detroit*, 232 Mich App 701, 707; 591 NW2d 67 (1998) (quotation marks and citations omitted). Plaintiff contends that defendant's counsel wrote an e-mail to plaintiff's counsel that constituted an admission that plaintiff was entitled to a severance payment. But the record does not support this assertion. In the relevant e-mail, defendant's attorney merely proposed a settlement in exchange for a signed release, noting that he believed plaintiff was "not entitled" to the settlement amount offered. It therefore appears that defendant did not present the admission plaintiff claims and instead *denied* any liability to pay plaintiff severance benefits. As it stands, we find that the evidence presented is insufficient to revive the limitations period under MCL 600.5866.

Although the trial court incorrectly ruled that collateral estoppel barred plaintiff's claim for a severance benefit, the trial court's ruling on the alternative basis that the claim was time-barred under MCL 600.5807(9) was correct. " 'When this Court concludes that a trial court has reached the correct result, this Court will affirm even if it does so under alternative reasoning.' " *Kosmyna v Botsford Community Hosp*, 238 Mich App 694, 701; 607 NW2d 134(1999), quoting *Messenger v Ingham Co Prosecutor*, 232 Mich App 633, 643; 591 NW2d 393 (1998).[1] Accordingly, plaintiff's claims must fail.

Affirmed.

/s/ Michelle M. Rick
/s/ Douglas B. Shapiro
/s/ Colleen A. O'Brien

---

[1] The parties do not dispute that plaintiff's breach of contract claim related to the retiree healthcare benefits was timely filed, given that the claim accrued in 2018, less than six years before plaintiff filed this lawsuit. See *Miller-Davis Co v Ahrens Const, Inc*, 495 Mich 161, 180; 848 NW2d 95 (2014) (stating that a single contract can have multiple breaches on multiple dates, each of which is a separate claim with a separate accrual date from which the statute of limitations runs). As discussed above, plaintiff's claim for retiree healthcare benefits was nevertheless barred by the operation of the doctrine of collateral estoppel.